IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMEERA Q. ALI, § <br> (BOP No. 34873-058), § <br>     Petitioner, § <br> § <br> v. § <br> § <br> MICHAEL SMITH, Warden, § <br> FMC-Carswell, § <br> § <br>     Respondent. § | Civil Action No. 4:23-cv-728-O |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Ameera Q. Ali ("Ali"), a federal prisoner at FMC-Carswell. Am. Pet.1-32, ECF No. 5. Respondent Michael Smith, Warden at FMC-Carswell, filed a response with an appendix. ECF Nos. 10 and 11. Ali has filed a reply. ECF No. 12. After having considered the pleadings, applicable law and relief sought by Ali, the Court concludes that the petition should be **DISMISSED** for the alternative reasons set out below.

**I.      RELIEF SOUGHT**

Petitioner Ali challenges the Bureau of Prison's (BOP) purported failure to release her to home confinement under the CARES Act before that Act expired in May 2023. She also complains that the BOP failed to properly calculate earned First Step Act (FSA) Time Credits and apply them to her sentence. She requests the Court review her application for release under the CARES Act and release her immediately. Am. Pet. 1-14, ECF No. 5.

1

## II.     BACKGROUND-PROCEDURAL HISTORY

Ali was sentenced by the United States District Court for the Western District of North Carolina to an 84-month term of imprisonment for Health Care Fraud Conspiracy, in violation of 18 U.S.C. §§ 1347 and 1349. Resp. 3, ECF No. 10. She was committed to the BOP on February 4, 2021, to serve an 84-month term of imprisonment. App. 35 (BOP Sentence Monitoring Computation Data), ECF No. 11. Her projected statutory release date via good conduct time is January 20, 2027. *Id*. As of October 5, 2023, she had served 44.7% of her statutory term. *Id.* at 36. Ali has also earned the maximum 365 days of FSA Time Credits to be applied to her sentence towards early release to supervision; therefore, her projected release date via the FSA is January 20, 2026. App. 35, and 38 (FSA Time Credit Assessment), ECF No. 11. She has earned an additional 85 days towards prerelease custody. *Id.* at 38.

Ali filed her initial § 2241 petition on July 17, 2023, and in response to a deficiency order, she filed her amended petition on August 10, 2023. Pet, ECF No. 1; Am. Pet., ECF No. 5 She makes two claims in her pleadings. First, Ali claims her FSA Time Credits were improperly calculated prior to May 11. Am. Pet. 10-11, ECF No. 5. As a result, she claims the proper number of credits were not applied to her sentence and her release date was miscalculated. *Id.* She contends that had her FSA Time Credits been properly calculated and applied, then she would have served more than 50% of her sentence by May 11. *Id.* Second, she claims her requests for release under the CARES Act were denied because the BOP erroneously determined she did not serve 50% of her sentence prior to the CARES Act expiration. *Id.* Ali requests the Court order an immediate review of her application for release under the CARES Act and

2

immediate release.[1] *Id.*, pp. 7, 10.

### III. APPLICABLE LAW

#### A. The CARES Act

Under 18 U.S.C. § 3624(c)(2), the BOP may designate inmates "with lower risk levels and lower needs" to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The Coronavirus Aid, Relief, and Economic Security Act (CARES Act) temporarily expanded that authority due to the COVID-19 pandemic and permitted the BOP to place inmates on home confinement during the declared national emergency for a period longer than stated in § 3624(c)(2). Pub. L. No. 116-136, § 12003(a)(2), (b)(2), 134 Stat. 281 (2020). The BOP's authority under the CARES Act continued through the national emergency until 30 days after the national emergency ended. H.J. Res. 7, 118th Cong. (2023) (ending the COVID-19 national emergency on April 10, 2023). Thus, the BOP's authority to designate an inmate to home confinement beyond the time stated in § 3624 expired on May 11, 2023.

The U.S. Department of Justice and BOP set forth a non-exhaustive and non-exclusive set of factors for the BOP to consider in its determinations of which inmates should be released to home confinement—a determination in which the BOP had exclusive authority to make. During the COVID-19 national emergency, the DOJ and BOP released superseding memoranda setting forth the home confinement factors and responding to the changing nature of the

---

[2] Ali also asks the Court to declare FMC-Carswell violated her 4th, 5th, 8th, and 14th Amendment rights. Because the declaratory relief sought for these alleged violations would not shorten the duration of confinement, they are not a proper subject for habeas relief. *Biron v. Upton*, No. 4:14-cv-603-O, 2014 WL 3795987, at *1-2 (N.D. Tex. Aug. 1, 2014) (citing *Hernandez v. Garrison*, 916 F.2d

pandemic. Relevant to Ali's claims are the April 13, 2021 and December 19, 2022 BOP memoranda. App. 1-8 (Home Confinement Memorandum dated April 13, 2021 and Home Criteria and Guidance Memorandum updated December 19, 2022), ECF No. 11. The factors included COVID-19 vulnerability and "confirming the inmate has served 50% or more of their sentence . . .." *Id.* at 3, 6. Other factors include the inmate's: disciplinary history; ensuring a verifiable release plan; verifying the primary offense is not violent, a sex offense, or terrorism-related; confirming no current detainer; ensuring inmate is low or minimum security; ensuring inmate has a low or minimum risk of recidivism; and ensuring no gang related activity while incarcerated. *Id.* at 1-8. The updated December 19 memorandum clarified that the inmate must serve 50% or more of the "statutory sentence" and the "calculation does not [to] include First Step Act Time Credits." *Id*. at 6.

    **B.**    **The First Step Act**

The First Step Act (FSA) creates a system of earned time credits and other incentives to encourage prisoners to participate in and complete evidence-based recidivism reduction (EBRR) programs and productive activities (PA). 18 U.S.C. § 3632(d). The BOP issued Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, (dated November 18, 2022), to establish criteria and procedures for awarding time credits pursuant to 18 U.S.C. § 3632(d)(4) and 18 U.S.C. § 3624(g) to eligible inmates. App. 14-33, ECF No. 11. "For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or (PAs) recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits." App. 23 (citing 28

---

291, 293 (5th Cir. 1990)).

C.F.R. § 523.42(c)(1)), ECF No. 11. If the inmate is determined to be at a minimum or low risk for recidivating and has maintained a consistent minimum or low risk over the most recent two consecutive risk and needs assessments, the inmate will earn an additional five days of FSA Time Credits for each thirty-day period. *Id*. (citing 8 C.F.R. § 523.42(c)(2)). FSA Time Credits are auto-calculated based on 30-day increments in earning status and will post monthly. App. 23-34, ECF No. 11. Eligible inmates determined to be at a minimum or low risk for recidivating may have their credits applied towards prerelease custody or early transfer to supervised release if they meet the criteria under 28 C.F.R. §§ 523.44(b)-(d). App. 26-27, 30, ECF No. 11. A maximum of 365 days of time credits may be applied towards early transfer to supervised release. 28 C.F.R. § 523.44(d)(3); App. 30, ECF No. 11.

IV.   ANALYSIS

    A.   **Claim for Release to Home Confinement**

Petitioner Ali seeks release to home confinement under the CARES Act. *See generally* Am. Pet. 1-10, ECF No. 5. But this Court does not have jurisdiction under § 2241 to review the BOP's home confinement decisions. In the Fifth Circuit, habeas relief is generally not available to review questions unrelated to the fact and duration of a prisoner's detention. *See Himmel v. Upton*, 476 F.Supp.3d 424, 426 (N.D. Tex. 2020) (citation omitted); *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (noting 42 U.S.C. § 1983 is used to challenge conditions of confinement). Release from a prison facility to home confinement is a change in the conditions of confinement and is unrelated to the fact and duration of a prisoner's detention. *Melot v. Bergami*, 970 F.3d 596, 600 (5th Cir. 2020) (finding a "release" from institutional custody to home detention implicates conditions of confinement). Indeed, home confinement is a change to the condition in which the sentence imposed is being served—i.e., at home instead of an

institution—but it does not release the inmate from the term of imprisonment. Because the relevant CARES Act provision concerned release to home confinement rather than release from custody, the petition challenges her conditions of confinement and the Court lacks jurisdiction to review. *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120-22 (N.D. Tex. 2020) (citing *Spencer v. Bragg*, 310 F. App'x 678 (5th Cir. 2009) (citing *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1987))). Therefore, to the extent Ali seeks release to home confinement under the CARES Act, the claim must be dismissed for lack of jurisdiction.

### B. Claim for FSA Time Credits

Furthermore, the petition lacks merit. Ali has accrued FSA Time Credits since her commitment on February 4, 2021. App. 35, ECF No. 11. She has earned the maximum 365 days of credit towards early release and another 85 towards prerelease custody. *Id.* at 35, 38. With 365 days applied to her statutory release date, she is projected to be released via the FSA credits on January 20, 2026. *Id.* at 35. Any claim related to a purported miscalculation or failure to apply the credits is moot. *See* Am. Pet. 11, ECF No. 5.

Furthermore, Congress gave the Attorney General, and by designation the BOP, exclusive authority to determine custody placements, including placement in home confinement. *Rand v. Carvajal*, No. 2:21-cv-00720, 2021 WL 3411198, at *2 (C.D. Cal. May 21, 2021) (citing 18 U.S.C. § 3621(b)), *rep. and rec. adopted*, 2021 WL 3406471 (C.D. Cal. Aug. 4, 2021). Congress did not require that the BOP place an inmate in home confinement. Rather, § 3624 recognizes there are circumstances where it may not be practicable and thus, leaves home confinement determinations to the discretion of the BOP. Moreover, Congress did not create a set of factors in either § 3624 or the CARES Act that the BOP is required to consider or for the inmate to meet to designate an inmate to home confinement. Instead, the DOJ and BOP

distributed CARES Act guidance to assist the BOP in determining which inmates were appropriate to serve the remainder of their sentence on home confinement. *See* App. 1-8.

Therefore, the BOP's decision to use a 50% threshold for CARES Act consideration was within its discretion. Ali's projected statutory release date is January 20, 2027. App. 35. This date (not the January 20, 2026 FSA release date) is used to determine whether she has served 50% of her statutory sentence. *Id.* at 6. FSA Time Credits are not factored in to determine percentage of time served. *Id.* (stating the BOP should confirm the inmate "served 50% or more of the statutory sentence" and "calculation does not include First Step Act Time Credits"). In May 2023 (when the BOP's authority to designate an inmate to home confinement expired), Ali could not have served 50% of her statutory date sentence, because as Respondent informs, as of October 5, 2023, she had served only 44.7%. Resp. 6 (citing Sentencing Monitoring Computation, App. 36, ECF No. 11), ECF No. 10. The BOP's decision to not recommend Ali for home confinement prior to the expiration of the CARES Act was not in error and that facts do not support her contention that she served 50% of her sentence.

## V.   CONCLUSION and ORDER

For the reasons discussed, petitioner Ameera Q. Ali's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction, and alternatively, **DISMISSED** with prejudice.

**SO ORDERED** on this **12th** day of **March, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE